**E. H. HALLIBURTON**

v.

**Frank DIESI d/b/a Diesi's Cafe and American Surety Company of New York.**

No. 8823.

United States District Court W. D. Louisiana, Opelousas Division.

Sept. 24, 1962.

Garland, DeJean & Ledet, Howard B. DeJean, Jr., Opelousas, La., for plaintiff.

Lewis & Lewis, Seth Lewis, Opelousas, La., for American Surety Co., defendant.

PUTNAM, District Judge.

This is a suit brought by the complainant, E. H. Halliburton, against these defendants when he allegedly was served contaminated food at Diesi's Cafe, Krotz Springs, Louisiana, on May 23, 1961. The complaint sets out various acts of negligence charged against the defendant Diesi of his employees and agents, specifically in failing to take the proper precautions to see that the food prepared and served in his restaurant was fit for human consumption, in failing to warn petitioner of the dangers involved in eating such food which defendant knew or should have known was contaminated, and further that he was guilty of carelessness and negligence in the operation and maintenance of his restaurant and in the preparation and distribution of food therein, all of which negligent acts proximately caused the plaintiff to suffer a severe case of ptomaine poisoning, for which he seeks damages.

The defendant, American Surety Company, of New York, has moved for summary judgment herein in its favor on the basis that the policy of insurance issued by it does not apply to the injuries sustained by plaintiff. The question turns upon whether or not the endorsements to be found attached to the policy exclude damages resulting from food consumption.

The insurance policy is a policy containing usual insurance clauses for liability, that is to say the company binds itself to pay on behalf of the insured all sums which the insured should become obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person on the insured premises and caused by accident. The first endorsement which defendant calls to the attention of the Court is the extension endorsement attached to and forming part of the policy in question. On this document under the column headed Premises-Operations we find the following legend:

> "Restaurants—N.O.C. excluding goods or products manufactured, sold handled or distributed by the named insured or others trading under his name, after possession of such goods or products have been relinquished to others by the named insured or by others trading under his name."

In addition there was added to the policy an endorsement entitled, "Food Consumption Exclusion Endorsement", which states:

> "In consideration of the premium charged, it is agreed that such insurance as is afforded under division I of the definition of hazards does not apply to bodily injury, sickness or disease, including death at any time resulting therefrom caused by the consumption or use of any article or products, manufactured, handled or distributed by the insured or any

concessionaire of the insured upon the premises described in the policy or elsewhere."

This endorsement was in force at the time plaintiff sustained the alleged injuries.

Division 1 of the definition of hazards referred to in the "Food Consumption Exclusion Endorsement", reads as follows: "The ownership, maintenance or use of the *premises, and all operations necessary or incidental thereto.*" (Emphasis supplied.)

The plaintiff argues that the case of Thibodeaux v. Parks Equipment Company, La.App., 140 So.2d 215 (1962) controls the issues here and that the food consumption exclusion endorsement applies only to the liability of Frank Diesi arising under his warranty for the products made and served by him in his establishment, and that the broad general liability clause set out under coverage A of the policy and insuring Diesi against liability for any and all accidental injury resulting from negligence covers the injuries sustained by plaintiff in this case. The Court cannot agree with this interpretation of the Thibodeaux decision. In that case the First Circuit Court of Appeal of Louisiana was dealing with an insurance policy similar to the policy now before the Court but which contained an endorsement relating to products hazard which read as follows:

"It is agreed that the policy does not apply to the products hazard as defined therein."

There it was held that as an integral part of the business carried on by the defendant, Parks Equipment Company, in selling a valve manufactured by it, certain representations had been made as to the use to which the valve could be put, which were erroneous, and that these representations constituted negligence which was the proximate cause of plaintiff's injury. It was held that the exclusion of "products hazard" as contained in that policy applied to the manufacturer's liability in warranty as seller of the article in question, and did not exclude liability under the policy for negligence of any of the company's representatives in actually selling the article in question. Coverage was found to exist under the liability clause in that policy, not on the basis of "products hazard" but on the basis of negligence. The liability clause, (Coverage A) was identical to the one here found. We note, however, that the exclusion in Thibodeaux applies to "products hazard", whereas in the case now before the Court we have a different endorsement entirely.

Even without considering the description of the business of the defendant Diesi as contained in the extension endorsement, the food consumption exclusion endorsement set out about in full leaves no doubt that the insurance does not cover " * * * bodily injury, sickness or disease, * * * caused by the *consumption* or *use* of any article or *products, manufactured, handled or distributed* by the insured * * * upon the premises described in the policy or elsewhere." (Emphasis supplied)

There is no ambiguity here, in fact there is no doubt but what this endorsement successfully excludes coverage for injuries resulting from the consumption of food, whether caused by negligence or otherwise, if within the operations contemplated in Division 1 of the Definition of Hazards, quoted above.

The exclusion from coverage being clear, the defendant American Surety Company of New York should not be required to undertake the defense of this litigation, and the motion for summary judgment filed by it should be and is hereby sustained. F.R.Civ.Proc. Rule 56, 28 U.S.C.; Moore's Federal Practice, 2d Ed., Vol. 6, p. 2220 et seq.

No further judgment need be prepared and submitted for signature, the foregoing being the judgment of the Court.